No. 82-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN THE MATTER OF THE APPLICATION OF
KATHERINE IRENE PETERSON on behalf of
AUDREY ANN PETERSON for a writ of Habeas Corpus.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

        For Appellant:

                Michael Sol; Sol & Wolfe, Missoula, Montana
                Rosemary Boschert, co-counsel, Billings, Montana

        For Respondent:

                Michael G. Eiselien, Billings, Montana

---

                        Submitted:  March 2, 1983

                        Decided:   April 1, 1983

Filed:  APR 1 - 1983

_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by KIP, the natural mother of AAP, from an order issued by the District Court, Thirteenth Judicial District, Yellowstone County, deferring jurisdiction of a habeas corpus proceedings in Montana to an adoption proceedings pending in a Wyoming District Court.

AAP was born to KIP on March 15, 1980, in Park County, Wyoming. At the time of the child's birth, KIP was 20 years old and unemployed. In August 1980, the mother relinquished custody of the child to PB and AB, husband and wife, who were then living in Wyoming. Thereafter, KIP moved to Montana to find employment.

On October 7, 1980, KIP executed a handwritten instrument in which she stated that she wanted her daughter adopted by PB and AB, which instrument was notarized by a notary public residing in Joliet, Montana.

On the same day, before the same notary, KIP executed a written "child custody relinquishment and special power of attorney" whereby she placed custody of the minor child with PB and AB "for a term of not less than one year and so long thereafter as and until such time as temporary custody granting hereby shall be terminated by the undersigned."

On November 21, 1980, before a notary public residing in Powell, Wyoming, KIP executed another written instrument in which she swore that the father of her daughter AAP was unknown to her and in which she prayed the court to grant a very speedy adoption.

An affidavit of Mark L. Reynolds, an attorney residing in Big Horn County, Montana, reveals that PB and AB filed an

- 2 -

adoption petition in the Fifth Judicial District Court of Wyoming, Big Horn County. The Wyoming equivalent of the Montana Department of Social Rehabilitation Services is the Wyoming Department of Public Assistance and Social Services. From the attorney's affidavit it appears that the Wyoming department has investigated the adoption petition and has raised questions as to whether PB and AB would be able to provide adequately for the child. It is clear that the adoption proceedings in Wyoming are still pending.

PB had his leg amputated in September 1981, in Billings, Montana. He has since been attending Eastern Montana College in Billings, Montana. He and his wife are residing with AAP in Billings, Montana. At the time of the filing of the petition by KIP for a writ of habeas corpus, the affidavit of Mark L. Reynolds indicates that it is the intention of PB and AB to complete the adoption proceedings and to provide a permanent home for AAP.

On March 19, 1982, before a notary public residing in Missoula, Montana, KIP executed a revocation of the temporary custody of the minor child previously given by her on October 7, 1980, to PB and AB. An affidavit of a party notarized in Missoula, Montana, indicates personal delivery of the written revocation to PB and AB in Billings, Montana, and a subsequent information from AB that the revocation had been received, and that PB and AB would not relinquish control of the minor child.

On October 12, 1982, KIP filed in the District Court, Thirteenth Judicial District, Yellowstone County, Montana, her petition for writ of habeas corpus. In her petition she recites that she is the legal mother of AAP, that the father of the child "has never been judicially identified nor his

parental rights terminated;" that no court proceedings have been initiated to terminate her natural parental rights, and in her petition she contends that she executed the instruments above referred to under circumstances that would amount to fraud and duress.

There are other facts contended for by the parties in briefs and in oral argument, but the foregoing facts reflect the state of the court record.

The District Court, after hearing, made findings of fact and conclusions of law. In effect, the District Court found that "primary jurisdiction in this case is with the Wyoming Adoptive Court," that it was for that court to determine the legality and the sufficiency of the documents signed by KIP and that if the Wyoming court determined that the documents were proper and that KIP had surrendered her parental rights in the child, the decision of the Wyoming court would determine the custody rights between the parties as a matter of law. Thereupon, the Montana District Court deferred jurisdiction of the controversy to the Wyoming court in the adoption proceedings.

KIP has appealed the deferral of jurisdiction by the Montana District Court to the Wyoming District Court. There are no Montana statutes which permit an appeal by a petitioner for writ of habeas corpus from the District Court to this Court. This Court holds, however, that an appeal lies from an order of the District Court denying a writ of habeas corpus in a case involving the custody of a minor child. State v. Booth (1958), 134 Mont. 235, 239, 328 P.2d 1104; State ex rel. Veach v. Veach (1948), 122 Mont. 47, 53, 195 P.2d 697; Ex parte Reinhardt (1930), 88 Mont. 282, 286,

- 4 -

287, 292 P. 582; In Re Thompson (1926), 77 Mont. 466, 469-470, 251 P. 163.

KIP contends before this Court that jurisdiction is in the Montana District Court since all parties were now residing in Montana; that before the District Court refused the writ, it should have found that Montana was an "inconvenient forum," or applied the "substantial conformity" test under the Uniform Child Custody Jurisdiction Act; that the documents before the Montana District Court created a presumption that KIP had the right to the custody of the child and that custody jurisdiction was in Montana; that the Wyoming adoption proceedings were void because PB and AB had failed to comply with Wyoming statutes requiring the adoption to be filed when the child enters the prospective adoptive home, the hearing to be set when the petition is filed, and the petition be filed by persons residing in Wyoming; that the adoption proceedings should have been filed in Montana; and that PB and AB violated the Interstate Compact for Placement of Children Act by bringing AAP to Montana without placement authorization from the Wyoming authorities.

There can be no question that jurisdiction of the habeas corpus proceedings is properly in the District Court sitting in Yellowstone County. That is where the child is presently located, within the jurisdiction of the Yellowstone County District Court. Section 46-22-202, MCA.

It appears equally certain that the Wyoming District Court has custody of the adoption proceedings. The petition filed therein recites that the proposed adoptive parents and the minor child are residents of Deaver, in the County of Big Horn, Wyoming; it alleges the execution of the consent to adoption by KIP, filed with the petition, and KIP's further

affidavit that the father of the child is unknown to her. In Wyoming, any adult persons residing in Wyoming and found by the Wyoming court to be fit and competent, may petition for adoption. W.S. 1-22-103. The petition is to be filed by persons residing in Wyoming. W.S. 1-22-103. Under W.S. 1-22-111, the Wyoming District Court may defer the entry of an interlocutory decree of adoption and order the Division of Public Assistance and Social Services to investigate and report to the court. Thereafter, it is the duty of the Wyoming District Court to determine the best interest and welfare of the child with respect to the adoption proceedings. Under W.S. 1-22-114, a final decree of adoption by the Wyoming District Court deprives a parent of the control and custody of the child.

Wyoming statutes further provide that a written consent to adoption by the parent of a minor filed with an adoption petition is irrevocable unless the court determines that it was obtained by fraud or duress. W.S. 1-22-109.

Under the state of the record here, the Yellowstone County District Court has jurisdiction of the habeas corpus proceeding concerning the custody of a child. At the same time the Wyoming District Court also has jurisdiction of a proceeding concerning the custody of the same minor child. In that situation, the Montana District Court is controlled by the provisions of section 40-7-107(1), MCA, (Uniform Child Custody Jurisdiction Act), in following effect:

> "A court of this state may not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

- 6 -

The issues on which KIP relies in the habeas corpus proceedings in Montana, namely, that the instruments executed by her were executed under fraud and duress, are issues that are equally triable in the adoption proceedings in the Wyoming District Court. Custody proceedings "includes proceedings in which a custody determination is one of several issues . . . and includes issues of custody in an adoption proceeding." Section 40-7-103(3), MCA.

Counsel for KIP misconstrue the application of section 40-7-108, MCA (Uniform Child Custody Jurisdiction Act) with respect to an inconvenient forum. That statute applies when the court in which the proceedings are pending (here the Yellowstone County District Court) determines that _it_ is an inconvenient forum, not that the court of another jurisdiction or of another state is an inconvenient forum. Moreover, the duty of the Montana District Court not to exercise its jurisdiction because of the pendency of proceedings in another forum under section 40-7-107, MCA, is not made statutorily dependent upon a further finding of inconvenient forum under section 40-7-108, MCA.

The Montana District Court here properly made no attempt to determine the merits of the issues raised by KIP in the habeas corpus proceedings nor do we on this appeal. The determination of those issues is properly left to a trier of fact in a proper jurisdiction.

Section 40-7-107, MCA, further provides in subsection (3) of that statute:

> "(3) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more

appropriate forum and that information be exchanged in accordance with 40-7-120 through 40-7-123 . . ."

In cases of simultaneous proceedings, the provisions of section 40-7-107(3), MCA, should be followed. In this case we have a child of tender years, and it is most appropriate that a decision be made in a proper forum to determine the custodial rights to AAP. In furtherance of that objective, we have expedited the proceedings on this appeal.

It was revealed at oral argument that it has been difficult for counsel for both parties to obtain information respecting the Wyoming adoption proceedings because they are out of state attorneys, and because W.S. 1-22-105, requires that all hearings in Wyoming adoption proceedings be confidential and held in closed court.

We therefore affirm the decision of the Yellowstone County District Court to stay proceedings and to defer its jurisdiction in the habeas corpus action to the jurisdiction of the Wyoming District Court in the adoption proceedings. We order the presiding judge of the District Court in Yellowstone County in the habeas corpus proceedings to communicate with the District Court in Wyoming handling the adoption proceedings by forwarding to the Wyoming District Court forthwith a copy of its findings, conclusions and order deferring jurisdiction to the Wyoming court and a copy of this opinion. The stay of proceedings in the Montana District Court shall be and remain in effect until written notice is received by the Montana District Court of a final determination of the Wyoming District Court as to jurisdiction or custody.

John L. Sheehy

Justice

- 8 -

We Concur:

_____

_____

_____

_____
Justices

- 9 -